IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

J.G., a minor disabled child,
by and through his mother, Wendy Koss,                    ORDER

                              Plaintiff,                   13-cv-414-slc

            v.

T. BRANDON LINGLE,
                              Defendant.

---

Attached for the parties' consideration are the court's most recent drafts of the voire dire,

jury instructions and verdict forms, which we will discuss at the October 22, 2014 final pretrial

conference.

Entered this 21st day of October, 2014.

                              BY THE COURT:

                              /s/

                              STEPHEN L. CROCKER
                              Magistrate Judge

**J.G. v. Lingle, 13-cv-414:  Voir Dire Questions**

1.  <u>Statement of the case</u>.  In this lawsuit, the plaintiff is J.G., a minor with learning and emotional disabilities.  The defendant is T. Brandon Lingle, a police officer employed by the City of Sun Prairie Police Department who serves as a police school liaison officer in the Sun Prairie School District.

> Plaintiff contends that defendant violated his rights under the Fourth and Fourteenth Amendments by using excessive physical force on the plaintiff during their interaction in the hallway at Cardinal Heights Upper Middle School in Sun Prairie on February 14, 2013.  Defendant denies that he used excessive physical force on plaintiff during their interaction.

2.  Have any of you heard of this case before today?  Would this affect your ability to serve as an impartial juror in this case?  Is there anything about the nature of this lawsuit that would prevent you from serving as an impartial juror?

3.  The trial of this case will continue today and may last until this Wednesday.  Would any of you *actually unable* to serve as a juror during this time?

4.  Ask plaintiff's counsel to stand and introduce himself and his client to the jury.  Ask whether anyone knows the plaintiff or his attorney.  Would the fact the plaintiff is a minor with a disability prevent any of you from serving as a fair juror in this case?

5.  Ask defense counsel to introduce themselves and the defendant.  Ask whether anyone knows any of the lawyers or the defendant.  Would the fact the defendant is a police officer prevent any of you from serving as a fair juror in this case?

6.  The following people may be called as witnesses in this case or may be referred to in testimony in this case.  Please raise your hand if you think you know any of these people: [*parties to provide list of witnesses*].

2

7.      Question to <u>each prospective juror</u>.

        Name, age, and city or town of residence.

        Marital or partnership status and number of children, if any.

        Current occupation (former if retired).

        Current (or former) occupation of your spouse or domestic partner and any adult children.

        Any military service, including branch, rank and approximate date of discharge.

        How far you went in school and major areas of study, if any.

        Memberships in any groups or organizations.

        Hobbies and leisure-time activities.

        Favorite magazines, newspapers or other reading material.

        Favorite types of television shows.

        The types of websites that you visit regularly either for work or on your own time.

8.      Do any of you know any of the other people in the jury box from before today?

9.      Do any of you believe that every time a law enforcement officer arrests or detains a person, or uses force against that person, the officer must have been justified in taking this action against the person because otherwise the officer wouldn't have done it?

10.     Other than what you already have told us, do any of you have strong feelings or opinions about the use of force by law enforcement officers that might affect your ability to be fair in a case of this nature?

11.     Have any of you, your close friends or family members ever been arrested or had some other type of serious confrontation with a law enforcement officer? [*sidebar for follow up*]

12.     Have any of you ever witnessed another person being arrested by a law enforcement officer?

13. Have any of you, your close friends or family members ever served as a law enforcement officer, or worked for any law enforcement agency?  If yes, in what capacity?

14. Have any of you had a negative experience–or any positive experience–with a law enforcement officer that would affect your ability to be fair to either side in this case?

15. Do any of you have feelings, either positive or negative, about the City of Sun Prairie or any of its police officers or other employees that might affect your ability to be a fair juror in this case?

16. Have any of you or your family members or close friends ever been involved in a claim or a lawsuit against any law enforcement agency or its officers?  If yes, briefly explain the circumstances.

17. Would any of you judge the credibility of a witness who is a law enforcement  officer differently from other witnesses simply because of his or her position?

18. Would any of you judge the credibility of a witness who is a minor differently from other witnesses simply because he was a minor? [*No question about disabilities?*]

19. Have any of you ever been a party to a lawsuit?

    Have any of you ever been a witness in a lawsuit?

    How many of you have served previously on a jury?  Tell us when, where, the type of case, the verdict and whether you were the foreperson.

20. At the end of the case I will give you instructions that will govern your deliberations. You are required to follow those instructions, even if you do not agree with them.  Is there any one of you who would be unable or unwilling to follow the instructions?

21. Do you know of any reason whatsoever why you could not sit as a trial juror with absolute impartiality to all the parties in this case?

4

JUROR BACKGROUND INFORMATION

When asked, please stand and provide this information:

Name, age, and city or town of residence.

Marital status and number of children, if any.

Current occupation (former if retired).

Current (or former) occupation of your spouse or domestic partner and any adult children.

Any military service, including branch, rank and approximate date of discharge.

How far you went in school and major areas of study, if any.

Memberships in any groups or organizations.

Hobbies and leisure-time activities.

Favorite magazines, newspapers or other reading material.

Favorite types of television shows.

The types of websites that you visit regularly either for work or on your own time.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

J.G., a minor disabled child,
by and through his mother, Wendy Koss,

          13-cv-414-slc

          Plaintiff,

   v.

T. BRANDON LINGLE,

          Defendant.

---

## I. <u>INTRODUCTORY JURY INSTRUCTIONS</u>

Members of the jury, we are about to begin the trial of this case. I am giving you these introductory instructions to help you understand how the trial will proceed, how you should evaluate the evidence, and how you should conduct yourselves during the trial.

The party who begins the lawsuit is called the plaintiff. In this action, the plaintiff is J.G., a minor with learning and emotional disabilities, who during the relevant times was a student at the Cardinal Heights Middle School in Sun Prairie, Wisconsin. The party against whom the suit is brought is called the defendant. In this action, the defendant is T. Brandon Lingle, a police officer employed by the City of Sun Prairie Police Department who serves as a police school liaison officer in the Sun Prairie School District.

In this lawsuit, plaintiff contends that defendant violated his rights under the Fourth and Fourteenth Amendments by using excessive physical force on the plaintiff during their interaction in the hallway at Cardinal Heights Upper Middle School in Sun Prairie on February 14, 2013. Defendant denies that he used excessive physical force on plaintiff during their interaction. Defendant denies that he used excessive physical force on plaintiff during their interaction.

This trial will proceed as follows:

First, plaintiff's counsel will make an opening statement outlining plaintiff's case. Immediately after plaintiff's statement, defendant's counsel will also make an opening statement outlining defendant's case.  What is said in opening statements is not evidence; it is simply a guide to help you understand what each party expects the evidence to show.

Second, after the opening statements, the plaintiff will introduce evidence in support of his claim.  At the conclusion of the plaintiff's case, the defendant may introduce evidence.  The defendant is not required to introduce any evidence or to call any witnesses.  If the defendant introduces evidence, the plaintiff may then introduce rebuttal evidence.

Third, after the evidence is presented, the parties will make closing arguments explaining what they believe the evidence has shown and what inferences you should draw from the evidence.  What is said in closing argument is not evidence.  The plaintiff has the right to give the first closing argument and to make a short rebuttal argument after the defendant's closing argument.

Fourth, I will instruct you on the law that you are to apply in reaching your verdict.

Fifth, you will retire to the jury room and begin your deliberations.

You will hear the term "burden of proof" used during this trial.  In simple terms, the phrase "burden of proof" means that the party who makes a claim has the obligation of proving that claim.  At the end of the trial, I will instruct you on the proper burden of proof to be applied in this case.

The trial day will run from about 9:00 a.m. until 5:00 p.m.  You will have at an hour for lunch and two more short breaks, one in the morning and one in the afternoon.

## Evidence

Evidence at a trial includes the sworn testimony of the witnesses, exhibits admitted into the record, facts judicially noticed, and facts stipulated by counsel. You may consider only evidence that is admitted into the record.

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Evidence may be either direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## Credibility of Witnesses

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony

8

in light of all the evidence.  The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

## Contradictory or Impeaching Evidence

A witness may be discredited by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been discredited, it is up to you to decide how much of the testimony of that witness you believe.

If a witness is shown to have given false testimony knowingly, that is, voluntarily and intentionally, about any important matter, you have a right to distrust the witness's testimony about other matters. You may reject all the testimony of that witness or you may choose to believe some or all of it.

The general rule is that if you find that a witness said something before the trial that is different from what the witness said at trial you are to consider the earlier statements only as an aid in evaluating the truthfulness of the witness's testimony at trial.  You cannot consider as evidence in this trial what was said earlier before the trial began.

There is an exception to this general rule for witnesses who are the actual parties in the case.  If you find that any of the parties made statements before the trial began that are different from the statements they made at trial, then you may consider as evidence in the case whichever statement you find more believable.

**Drawing of Inferences**

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts you find have been proved, such reasonable conclusions as seem justified in the light of your own experience and common sense.

**Number of Witnesses**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

**Absence of Evidence**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Objections**

During the trial, you will hear the parties and the lawyers make objections to certain questions or to certain answers of the witnesses.  When they do so, it is because they believe the question or answer is legally improper and they want me to rule on it. Do not try to guess why the objection is being made or what the answer would have been if the witness had been allowed to answer it.

If I tell you not to consider a particular statement that has already been made, put that statement out of your mind and remember that you may not refer to it during your deliberations.

## Questions

During the trial, I might ask witnesses questions. Please do not assume that I have any opinion about the subject matter of my questions.

If you wish to ask a question about something you do not understand, write it down on a separate slip of paper. If, when the lawyers have finished all of their questioning of the witness, the question is still unanswered to your satisfaction, raise your hand, and I will take the written question from you, show it to counsel, and decide whether it is a question that can be asked. If it cannot, I will tell you that. I will try to remember to ask about questions after each witness has testified.

## No Communication During the Trial

During recesses you should keep in mind the following instructions:

First, do not discuss the case either among yourselves or with anyone else during the course of the trial. The parties have a right to expect that you will keep an open mind throughout the trial. You should not reach any conclusions about this case until you have heard all of the evidence, you have heard the lawyers' closing arguments, you have received my instructions on the law, and you have retired to deliberate with the other members of the jury about your verdict.

I must warn you, in particular, against commenting about the trial through e-mail, Twitter, blogging or any other social or electronic media. There have been news accounts recently about cases that have had to be re-tried because a member of the jury communicated electronically about the case during the trial. You can imagine what this would mean in the cost of a re-trial, the inconvenience to your fellow jurors whose work would have gone for nothing and the stress experienced by the defendant.

Second, do not permit any third person to discuss the case in your presence. If anyone tries to talk to you despite your telling him not to, report that fact to the court

as soon as you are able.  <u>Do not</u> discuss the event with your fellow jurors or discuss with them any other fact that you believe you should bring to the attention of the court.

<u>Third</u>, although it is a normal human tendency to talk with people with whom one is thrown in contact, please do not talk to any of the parties or their attorneys or the witnesses.  By this I mean not only do not talk about the case, but do not talk at all, even to pass the time of day.  This is the only way that the parties can be sure of the absolute fairness and impartiality they are entitled to expect from you as jurors.

<u>Fourth</u>, do not read about the case on the internet, in newspapers, or listen to radio or television broadcasts about the trial.  If a headline catches your eye, do not examine the article further.  Media accounts may be inaccurate and may contain matters that are not proper for your consideration.  You must base your verdict solely on the evidence produced in court.

<u>Fifth</u>, no matter how interested you may become in the facts of the case, you must not do any independent research, investigation or experimentation.  Don't  look up materials on the Internet or in other sources.

## <u>Notetaking</u>

If you want to take notes, there are notepads and pencils for taking notes next to the jury bench.  This does not mean you <u>have</u> to take notes; take them only if you want to and if you think they will help you to recall the evidence during your deliberations.  Do not let notetaking interfere with your important duties of listening carefully to all of the evidence and of evaluating the credibility of the witnesses.  Keep in mind that just because you have written something down it does not mean that the written note is more accurate than another juror's mental recollection of the same thing.  No one of you is the "secretary" for the jury, charged with the responsibility of recording evidence.  Each of you is responsible for recalling the testimony and other evidence.

Although you can see that the trial is being reported, you should not expect to be able to use trial transcripts in your deliberations.  You will have to rely on your own memories.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

J.G., a minor disabled child,

by and through his mother, Wendy Koss

13-cv-414-slc

Plaintiff,

v.

T. BRANDON LINGLE,

Defendant.

---

## II.  POST-TRIAL JURY INSTRUCTIONS

### Introduction

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and the arguments, I will give you the instructions that will govern your deliberations in the jury room.  It is my job to decide what rules of law apply to the case and to explain those rules to you.  It is your job to follow the rules, even if you disagree with them or don't understand the reasons for them.  You must follow <u>all</u> of the rules; you may not follow some and ignore others.

The decision you reach in the jury room must be unanimous.  In other words, you must all agree on the answer to each question.

Your deliberations will be secret.  You will never have to explain your verdict to anyone.

If you have formed any idea that I have an opinion about how the case should be decided, disregard that idea.  It is your job, not mine, to decide the facts of this case.

The case will be submitted to you in the form of a special verdict consisting of two questions.  In answering the questions, you should consider only the evidence that has been received at this trial.  Do not concern yourselves with whether your answers will be favorable to one side or another, or with what the final result of this lawsuit may be.

Note that you are to answer Question No. 2 on the Special Verdict only if you answer Question No. 1 in a certain manner.  Read the instructions carefully before you undertake to answer Question No. 2.  Do not answer a questions needlessly.

## Special Verdict Questions

Plaintiff alleges that defendant used excessive force against him.    To succeed on this claim, plaintiff must prove these two points by a preponderance of the evidence:

   1.  Defendant used unreasonable force against plaintiff; and

   2.  Because of defendant's use of unreasonable force, plaintiff was harmed.

Question No. 1 of the Special Verdict asks whether defendant used unreasonable force during his interaction with the plaintiff on February 14, 2013.

If you find that plaintiff has proved this point by a preponderance of the evidence, then you answer Question No. 1 "Yes."

If, on the other hand, you find that plaintiff has not proved this point by a preponderance of the evidence, then you should answer Question No. 1 "No."

## Definition of "Unreasonable" Force

You must decide whether defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that defendant faced. In performing his job, an officer can use force that is reasonably necessary under the circumstances.  You must make this decision based on what the defendant knew at the

time of his interaction with plaintiff, not based on what you know now.  In deciding whether defendant's use of force was unreasonable, you must not consider whether defendant's intentions were good or bad.

Question No. 2 of the Special Verdict asks whether defendant's use of excessive force caused plaintiff any harm.

If you find that plaintiff has proved this point by a preponderance of the evidence, then you answer Question No. 2 "Yes."

If, on the other hand, you find that plaintiff has not proved this point by a preponderance of the evidence, then you should answer Question No. 2 "No."

**Burden of Proof**

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

**Answers Not Based on Guesswork**

If, after you have discussed the testimony and all other evidence that bears upon a particular question, you find that the evidence is so uncertain or inadequate that you have to guess what the answer should be, then the party having the burden of proof as to that question has not met the required burden of proof.  Your answers are not to be based on guesswork or speculation.  They are to be based upon credible evidence from which you can find the existence of the facts that the party must prove in order to satisfy the burden of proof on the question under consideration.

**Selection of Presiding Juror; Communication with the Judge; Verdict**

When you go to the jury room to begin considering the evidence in this case you should first select one of the members of the jury to act as your presiding juror. This person will help to guide your discussions in the jury room.

You are free to deliberate in any way you decide or select whomever you like as a presiding juror. However, I am going to provide a general suggestion on the process to help you get started. When thinking about who should be presiding juror, you may want to consider the role that the presiding juror usually plays. He or she serves as the chairperson during the deliberations and has the responsibility of insuring that all jurors who desire to speak have a chance to do so before any vote. The presiding juror should guide the discussion and encourage all jurors to participate.

Once you are in the jury room, if you need to communicate with me, the presiding juror will send a written message to me. However, don't tell me how you stand as to your verdict.

As I have mentioned before, the decision you reach must be unanimous; you must all agree.

When you have reached a decision, the presiding juror will sign the end of the verdict form, put a date on it, and all of you will return with the verdict into the courtroom.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

J.G., a minor disabled child,

by and through his mother, Wendy Koss

                                                      13-cv-414-slc

                Plaintiff,

    v.

T. BRANDON LINGLE,

                Defendant.

---

### III.  <u>JURY INSTRUCTIONS ON DAMAGES</u>

The Special Verdict on Damages asks one question: what amount of money, if any, will fully and fairly compensate plaintiff for the harm caused by defendant?

Plaintiff has the burden of convincing you, by the preponderance of the evidence, both that he has been injured or damaged and the amount of the damages.  This does not mean, however, that plaintiff must produce evidence that is as exact as the evidence needed to support findings on other questions in the verdict.  Determining damages involves the consideration of many different factors that cannot be measured precisely. In determining the damages you must base your answer on evidence that reasonably supports your determination of damages under all of the circumstances of the case.

Compensatory damages are not restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if these are not easy to measure.  You should consider the physical, mental and emotional pain and suffering that plaintiff has experienced.  However, in order to award compensatory damages, you must find that plaintiff suffered a physical injury.  Physical injury means harm or damage to one's body that is more than trivial.  If you find that plaintiff did not suffer a physical injury as a result of a violation of his rights, you may award only nominal damages of one dollar ($1) for the violation and should proceed to consider whether punitive damages should be awarded.

Do not measure damages by what the parties ask for in their arguments.  Their opinions as to what damages should be awarded should not influence you unless their opinions are supported by the evidence.  It is your job to determine the amount of the damages sustained from the evidence you have seen and heard.  Examine that evidence carefully and impartially.  Do not add to the damage award or subtract anything from it because of sympathy to one side or because of hostility to one side.  Do not make any deductions because of a doubt in your minds about the liability of any of the parties.

19

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

J.G., a minor disabled child,
by and through his mother, Wendy Koss,

                              Plaintiff,                    SPECIAL VERDICT: LIABILITY

         v.                                                        13-cv-414-slc

T. BRANDON LINGLE,,

                              Defendant.

---

We, the jury, for our special verdict, do find as follows:

Question No. 1:  Did defendant use unreasonable force during his interaction with the plaintiff on February 14, 2013?

                    _____

                        ("Yes" or "No")

If you answered "No" to Question No. 1, then do not answer
Question No. 2 and go to the end of the verdict form.

If you answered "Yes" to Question No. 1, then answer Question No. 2:

Question No. 2:  Did defendant's use of unreasonable force cause plaintiff any harm?

                    _____

                        ("Yes" or "No")

20

Go to the end of the verdict form.

## END OF THE VERDICT FORM

If you have answered the question(s) as instructed, then the presiding juror will sign and date this verdict form below, you will alert the bailiff, and all of you will return with the verdict into the courtroom.

_____
Presiding Juror

Madison, Wisconsin


Date: _____

21

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

J.G., a minor disabled child,
by and through his mother, Wendy Koss,

                         Plaintiff,              SPECIAL VERDICT: DAMAGES

        v.                                              13-cv-414-slc

T. BRANDON LINGLE,,

                         Defendant.

---

We, the jury, for our special verdict, do find as follows:


What amount of money, if any, will fully and fairly compensate plaintiff for the harm caused by defendant?


$ _____


_____
Presiding Juror

Madison, Wisconsin


Date: _____